## SALEM *v.* COLLEY.

Opinion delivered January 4, 1901.

CERTIORARI—JURISDICTION.—A mayor's court having jurisdiction of a case of assault and battery, its errors in overruling a plea of former conviction and refusing to dismiss for want of a bond for costs are not jurisdictional, and cannot be corrected on certiorari.

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Affirmed.

STATEMENT BY THE COURT.

On the 9th day of November, 1899, Tom Colley struck J. F. Hudson in the town of Salem in the Greenwood district of Sebastian county. On the same day Hudson made affidavit before one Strozier, a justice of the peace of Prairie township, in Sebastian county, charging Colley with "aggravated assault and battery." A warrant was issued by Justice Strozier and placed in the hands of one J. J. McAlister, who was not the constable, and not sworn, but was appointed by the justice to serve the warrant. McAlister found Colley in Dayton township, of Sebastian county, but did not arrest him for the reason that he was held under a warrant of arrest issued by Justice Bull, of Dayton township, charging him with assault and battery, and Justice Bull and the constable of Dayton refused to surrender him to McAlister. The warrant issued by Justice Strozier was returned unserved. The proceedings before Justice Bull were as follows: Colley, after the commission of the offense, went before Justice Bull, and made a full statement of what he had done, whereupon the justice issued a warrant of arrest for the defendant for the crime of assault and battery. A subpœna was issued for Hudson, the party assaulted, also for one Stephens, and a trial was had under the law of submission; the defendant, Colley, having entered his plea of guilty to assault and battery. He was fined one dollar, and the fine and costs were paid. J. F. Hudson, the party injured, was city attorney, and appointed as his substitute O. D. Young, who on the 11th day of November filed an information against Tom Colley before the mayor of Salem, charging Colley with the crime of an aggravated assault and battery on J. F. Hudson, on the same facts upon which the other warrants were issued, and upon which the submission was had before Justice Bull. A warrant was issued by the mayor, served by the marshal, and the defendant, Colley, was tried before the mayor, convicted of an assault and battery, and fined $2.50 and costs. He gave notice of appeal, and filed affidavit for same, but the appeal was not prosecuted. Before the mayor Colley entered a plea of former conviction, which was overruled. He moved to dismiss for want of cost bond, which was overruled. He also called for a jury, which was denied him.

A few days after this trial application was made to the circuit judge for writ of certiorari to quash the judgment of the mayor's court. The circuit court quashed the judgment on the

"ground of irregularities under the acts of 1899 governing practice under certiorari of the mayor's court, and adjudged that Justice Strozier of Prairie township had the jurisdiction to try said cause, he having issued the first warrant of arrest, and the cause before him not having been dismissed."

The town ordinance under which the defendant was tried is a copy of the state law on assault and battery and aggravated assault. The ordinance was also introduced, showing authority of city attorney to appoint a substitute, and the authority of the substitute to file information without oath or bond for costs.

*Appellant pro se.*

The mayor's court had jurisdiction. Jurisdiction is the power to hear and determine a cause. 34 Ark. 105; 55 Ark. 565; *id.* 562. Courts can acquire jurisdiction of person only by service of summons. 47 Ark. 131; And. Law Dict. 580; 32 Ark. 722. When tribunals have concurrent jurisdiction, the one first exercising it rightfully acquires it to the exclusion of the other. 1 Whart. Cr. Law, 541; 9 Tex. 43; Wait's Actions and Defenses, 10, 45; Sand. & H. Dig., § 1847.

*Robert A. Rowe,* for appellee.

To entitle the mayor to exercise jurisdiction, an information on oath was required. Sand. & H. Dig., § 2352. The mayor's court had no jurisdiction.

WOOD, J., (after stating the facts.) Section 1125, Sand. & H. Dig., is as follows: "They (circuit courts) shall have power to issue writs of certiorari to any officer or board of officers, or any inferior tribunal of their respective counties, to correct any erroneous or void proceeding, and to hear and determine the same," etc. The act of March 18, 1899, amended this section by inserting the words "city or town council" after the word "officers." The amendment did not change the rule of procedure for the correction of mere errors or irregularities in judicial proceedings. That must still be by appeal or writ of error. *St. Louis, I. M. & So. Ry. Co.* v. *Barnes,* 35 Ark. 95.

The mayor's court had jurisdiction of the cause of action and of the person of the defendant-appellee, Colley. Sections 5147, 5148, Dig. Acts of 1899, p. 45. Justice Strozier likewise had jurisdiction of the cause of action, but he had no jurisdiction of the

person of appellee. The warrant of arrest first issued by him, it appears, was returned unserved. No other warrant was issued by him for the appellee until after the trial was had before the mayor. The rule as to concurrent jurisdiction is that the court wherein the proceedings are first instituted will have the jurisdiction to conduct the matter to an end without interference. *State* v. *Devers,* 34 Ark. 188; *Estes* v. *Martin,* 34 Ark. 410; 1 Bishop, Cr. Proc. § 315, and authorities cited. But where the proceedings first instituted are abandoned, the offense may be prosecuted in another court of concurrent jurisdiction. The facts of this case bring it within the rule announced in *James Bradley* v. *State,* 32 Ark. 722.

The mayor's court having jurisdiction, the other matters complained of could have been corrected on appeal.

The judgment is reversed, and the judgment of the mayor's court is affirmed.