BEULAH W. TAYLOR DOSS ET AL *v.* H. E. TAYLOR JR.

5-4492                                                   424 S. W. 2d 541

Opinion delivered March 4, 1968

*Paul K. Roberts,* for appellants.

*Huey & Vittitow,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal requires that we determine whether the Chancery Court or Probate Court of Bradley County has jurisdiction of the

sale of certain lands of decedent, H. E. Taylor, Sr., who died intestate, a resident of that county, on June 16, 1964. Taylor left as survivors: his widow, Beulah W. Taylor Doss; the appellee, a son by a previous marriage; and a minor daughter, of whom the widow is guardian. The widow was also appointed administratrix. She filed her inventory, listing the real estate involved, on August 28, 1964. On December 3, 1965, the probate court made statutory allowances to the widow and minor child. It also made an "Order of Partial Distribution." That order recited that there were no unpaid claims pending against the estate and that the real property was already vested in the heirs subject to the widow's dower of one-third for life. The order closed with this sentence:

"The possession of said property is not susceptible of partition in kind and the personal representative, or any interested person should file a proper petition in this court to seek the sale of said property for the purpose of distribution."

Nothing in the record indicates that appellant has ever filed a final account as administratrix.

On March 22, 1967, appellee filed a petition for partition in the chancery court, alleging that the real estate was not susceptible to division in kind. He prayed that the property be partitioned or sold and the proceeds of sale divided among the parties according to their respective interests after the payment of attorney's fee and costs. Appellant demurred to this petition individually, as administratrix and as guardian. The grounds of demurrer included contentions that there was another action pending between the same parties for the same cause and that the chancery court had no jurisdiction of the subject matter.

On June 2, 1967, appellant, as administratrix, filed a petition in probate court for the sale of this real prop-

erty. Appellee demurred to this petition on the ground that the petition for partition was pending in the chancery court. On June 12, 1967, appellee amended his petition for partition, seeking an accounting for the rents collected by appellant as administratrix. On the same day, the chancery court passed appellant's demurrer "to be heard after the consolidation of the petition to sell land filed by the Administratrix * * *." No motion to transfer this petition or to consolidate the petitions had been filed by either party, but the probate court, on the same day, over the objections of the appellant, transferred and removed appellant's petition for sale and the demurrer thereto to the chancery court and consolidated it with the partition proceeding. The next day appellant filed a motion to dismiss the suit on the ground that the court did not have subject matter jurisdiction of the property of which partition was sought. On June 14th, the probate court entered its order finding that the administratrix possessed the property and had collected rents, paid taxes, and kept the property insured under the authority of the order of partial distribution. The chancery court, on the same day, consolidated the probate proceedings with the chancery proceedings for final adjudication, overruled appellant's demurrer and motion to dismiss, both being considered as a demurrer to the record as it then stood. Appellant elected to stand on her demurrers, so the chancery court entered a decree ordering sale of the lands for partition but directing that further proceedings be withheld pending disposition of this appeal. The partition decree contained findings that the administration had not been closed, that the personal representative had been, and then was, in possession of the real estate for the purpose of collecting rentals and preserving the property, and that the property was not susceptible to division in kind without great prejudice to the owners. The decree provided for sale upon three months' credit. It barred the dower of appellant. Fixing of attorney's fees, assessment of costs and expenses of sale, distribution of proceeds and accounting for rents were all continued pending the sale.

It is clear beyond doubt that the probate court had exclusive jurisdiction of the accounting by appellant as administratrix. In *Phillips* v. *Phillips,* 143 Ark. 240, 220 S. W. 52, an action in chancery to construe a will, it was held that the chancery court should have refused to entertain any jurisdiction to state accounts between an executor and certain legatees and devisees while the administration of the estate was still pending, there having been no final settlement of the accounts of the executor and no allegations or proof of fraud in the settlement of his accounts. It was clearly said that these matters were exclusively within the jurisdiction of the probate court. Under the direct holding in the cited case, the Probate Court of Bradley County had original and exclusive jurisdiction of the affairs of the Taylor estate relating to the accounts and settlements of the administratrix, and the chancery court erred in taking jurisdiction of the accounting.

In considering the jurisdiction of the chancery court for the purpose of partition, we must determine just what jurisdiction each of the courts could exercise over this property. There can be no doubt that when lands are released to the heirs early in a probate proceeding and there is no reason for the exercise of probate jurisdiction over them, the pendency of the probate proceedings does not preclude the maintenance of a partition suit in chancery. *Boyd* v. *Bradley,* 239 Ark. 120, 388 S. W. 2d 107. While the court there only mentions specifically that there was no claim that the lands were needed for payment of debts in treating of the exercise of probate jurisdiction, there was no indication that the lands in that case were needed for any probate purpose. One of the authorities cited there was Ark. Stat. Ann. § 62-2401 (Supp. 1963). It had previously been said in *Cranna* v. *Long,* 225 Ark. 153, 279 S. W. 2d 828, another of the authorities cited in the *Boyd* case, that real property was an asset in the hands of a personal representative only when needed to pay debts or expenses of administration under § 94, Act 140 of 1949, then Ark. Stat.

Ann. § 62-2401.[1] It was recognized in the *Cranna* case that, if Ark. Stat. Ann. § 62-2714 (for the sale, mortgage or lease of real estate) had been invoked, the status of the real property as an asset of the estate might have been changed. Since that decision, however, § 62-2401 has been amended by Act 424 of 1961 to provide that real property of decedent shall be an asset in the hands of the personal representative when the court finds that it should be sold for *any purpose* enumerated in § 127 of Act 140 (§ 62-2704). Thus, since the passage of the 1961 Act, title to the real estate of an intestate vests in his heirs at law upon his death, subject to the widow's dower and sale for the payment of debts, the preservation or protection of the assets of the estate, the distribution of the estate, or any other purpose in the best interest of the estate. Ark. Stat. Ann. §§ 62-2401, 62-2704 (Supp. 1967).

Under § 62-2714, the probate court is authorized to order sale of real estate upon petition of an administrator. In determining what property shall be sold for distribution of an estate or for any other purpose in the best interest of the estate of an intestate, there is no priority as between real and personal property, and it is no longer necessary that one class of property be exhausted before resort is had to the other for these purposes. Ark. Stat. Ann. § 62-2701 (Supp. 1967). When real property has become an asset in the hands of an administrator, or when the court finds it necessary for the preservation of the property, for protection of the rights and interests of persons having interests therein or for the benefit of the estate, the personal representative may collect rents, pay taxes, make repairs, maintain and preserve the property, protect it by insurance, and maintain or defend an action for possession

---

[1]The same statements are quoted and followed in *Calmese* v. *Weinstein*, 234 Ark. 237, 351 S. W. 2d 437, decided November 27, 1961, but the decree appealed from was rendered before the passage of the Act to which reference is later made.

or to determine or protect the title, until the property is sold or delivered to the distributees or until the estate is settled. Ark. Stat. Ann. § 62-2401 (Supp. 1967).

The provisions of the probate court's order of partial distribution clearly constitute a finding that the real estate should be sold for distribution. This finding is supported by the probate court's order of June 14, 1962, declaring that the appellant, as administratrix, was and had been in possession of the property under the authority of that order. Consequently, the real property in question has been an asset in the hands of appellant, as administratrix, at least since the date of the order of partial distribution. Clearly, the probate court had, by these steps, assumed jurisdiction over these lands and the sale thereof.

In case of concurrent jurisdiction in different tribunals, the first exercising jurisdiction rightfully acquires control to the exclusion of, and without the interference of, the other. *State* v. *Devers,* 34 Ark. 188; *Town of Salem* v. *Colley,* 70 Ark. 71, 66 S. W. 195; *Taylor* v. *Nelson,* 184 Ark. 1005, 44 S. W. 2d 357; *Jones* v. *Garratt,* 199 Ark. 737, 135 S. W. 2d 859; *Schirmer* v. *Cockrill,* 223 Ark. 817, 269 S. W. 2d 300. In applying this principle to the present case, it seems clear that the two courts would have concurrent jurisdiction to sell the real estate: the chancery court for partition; the probate court for distribution or any other purpose in the best interest of the estate.

A close parallel is found in cases involving assignment of dower. Probate jurisdiction is given by Ark. Stat. Ann. § 62-704 et seq. Yet these statutes do not deprive the chancery court of its inherent jurisdiction. *Johnson* v. *Johnson,* 84 Ark. 307, 105 S. W. 869. The jurisdiction of the probate and chancery courts to assign dower in both real estate and personalty is concurrent. *Shields* v. *Shields,* 183 Ark. 44, 34 S. W. 2d 1068; *Drennan* v. *McCarthy,* 213 Ark. 286, 210 S. W. 2d

791. In the *Shields* case, an administrator had made and reported a partial assignment of a dower in personalty and undertook to state the balance due the widow thereon in his final settlement. It was held that the approval of the report was an assumption of jurisdiction by the probate court and the action of the chancery court in attempting to assign dower in the personal property on the petition of the widow was held to be an erroneous interference with the exercise of the concurrent probate jurisdiction. The chancery decree was reversed and the cause remanded with directions to dismiss the complaint and remit the parties to their remedies in probate.

It has also been held that proceedings for the assignment of dower in a probate court were not abated by the filing of a suit in equity by an heir seeking partition sale of lands of the decedent, on authority of the *Shields* case. *Marsh* v. *Marsh,* 230 Ark. 59, 320 S. W. 2d 754.

The exercise of jurisdiction of the chancery court is not prevented by reason of the widow's unassigned dower under our present partition statute which authorizes partition of lands held as assigned or unassigned dower. Ark. Stat. Ann. § 34-1801 (Supp. 1967); *Smith* v. *Smith,* 235 Ark. 932, 362 S. W. 2d 719. Although the suit in the cited case was brought by the widow, no reason is seen why the same right is not given an heir by the inclusion of any persons having any interest in such lands among those who can petition for partition. In *Goodlett* v. *Goodlett,* 209 Ark. 297, 190 S. W. 2d 14, it was held that where a divorced wife was awarded an undivided one-third interest for life in certain real estate, with the remainder in the husband, there was such a tenancy in common as would authorize a partition suit by the husband. On the other hand, the widow claiming dower in real estate is a distributee in probate. Ark. Stat. Ann. § 62-2003 (Supp. 1967).

There are some differences in procedures in the proceedings in the two courts. For instance, the probate

sale can only be after an appraisement is made. Ark. Stat. Ann. § 62-2716 (Supp. 1967). No appraisal is required in a partition sale. The probate sale may be at public or private sale. A public sale may not be for less than three-fourths of the appraised value and a private one for not less than the appraised value. The court may specify other reservations, restrictions, terms, and conditions. No probate sale may be held more than six months after the order therefor without a new appraisal within thirty days preceding the sale. Ark. Stat. Ann. § 62-2717. None of these safeguards surround a partition sale. A probate sale may be upon credit for not to exceed 75% of the purchase price for not more than one year. Ark. Stat. Ann. § 62-2707. The court making the order of sale for partition determines the terms and conditions of sale and the credit to be given. It seems that both are basically for sale of the real estate and distribution of the proceeds, however, so that the jurisdiction is concurrent.

The probate court assumed jurisdiction first, so the chancery court has erroneously undertaken to exercise jurisdiction. The decree of the chancery court is reversed and the cause is remanded with directions to dismiss the petition for partition and remit the parties to their remedies in the probate court.