## Jones PIGUE, Ex'r *v.* Lena Pigue GROOMS

5-5205                                                   451 S. W. 2d 181

### Opinion delivered March 16, 1970

*Kirsch, Cathey & Brown,* for appellant.

*L. V. Rhine,* for appellee.

George Rose Smith, Justice. The decedent, R. W. Pigue, died testate on January 28, 1969, owning 431 acres of farm land. Pigue's will divided the land into five parcels, varying in size from 71 to 120 acres, which were left as separate devises to four of the decedent's surviving children and to the issue of a deceased child. A sixth child received a gift of urban property only.

Before his death Pigue had rented all the farm lands to Carlton Smith for $6,000, evidenced by a promissory note due in November. The appellant, as executor of the will, filed a petition in the probate proceeding asking that he be directed to collect the rent note when it came due and to distribute its proceeds among the devisees of the farm land in proportion to the assessed valuation of the various tracts. That proposal was approved by all the devisees except the appellee, a

daughter of the testator, who questioned the probate court's jurisdiction in the matter and also resisted the petition on its merits. After a hearing the probate court found that the granting of the petition would actually be for the best interest of the estate and the devisees, but the court concluded that it had no jurisdiction in the matter. This appeal by the executor is from the ensuing order of dismissal.

Preliminarily, the appellee has filed a motion to dismiss the appeal as being moot, because during the pendency of the appeal the probate court entered an order partly closing the estate and directing the executor to release the lands to the various devisees. That order, however, expressly recited that it was without prejudice to the present appeal; so we find no merit in the suggestion that the case is moot.

We turn first to the jurisdictional question. At common law rent which did not become payable until after the death of the lessor did not pass to his personal representative. Instead, such rent was treated as real estate and descended at once to the heirs or devisees. *Dean* v. *Stuckey,* 234 Ark. 1103, 356 S. W. 2d 622 (1962). Hence, before the passage of our Probate Code the rental note now in question would not have been an asset in the hands of the executor, for it is conceded that neither the real estate nor the note is needed for the payment of debts.

The Probate Code, however, enlarged the probate court's jurisdiction over the decedent's real property. The Code, as amended in 1961, provides that "when and as long as the court finds it . . . for the benefit of the estate, the personal representative may collect rents and earnings" from the decedent's real property. Ark. Stat. Ann. § 62-2401 (Supp. 1969). Thus the probate court had jurisdiction to direct the executor to collect and distribute the proceeds of the rental note if that course would be for the benefit of the estate. See *Doss* v. *Taylor,* 244 Ark. 252, 424 S. W. 2d 541 (1968).

We think that the executor's request that the probate court take jurisdiction over the note was demonstrably for the benefit of the estate. The various devisees of the farm lands were scattered geographically within and without the state of Arkansas. Smith, the tenant, would naturally demand the surrender of the note when he paid it. But if the executor had turned the note over to one or more of the devisees, as the appellee insists he should have done, their inability to agree among themselves upon the distribution of its proceeds would have led to difficulties both in the collection of the debt and in the division of the money. Eventually a bill of interpleader or other litigation would probably have been necessary. The pertinent language in the Probate Code was evidently intended to enable the probate court to settle such questions, at minimum expense, in the pending administration proceeding, to which all the interested devisees are already parties. We therefore hold that the probate court erred in refusing to take jurisdiction of the appellant's petition.

On the merits we agree with the probate court's conclusion that, in view of the proof adduced at the hearing, a distribution of the rent in proportion to the assessed valuation of the several parcels is proper in this instance. The annual rent was payable for the use of the 431 acres as a whole, without allocation to the five separate parcels, which differ in acreage, in percentage of cultivation, and in their improvements. The executor testified that he and his attorney worked out the apportionment by assessed values as an equitable solution to the problem. The devisees were notified by letter of the proposal; all except the appellee were satisfied with it.

At the hearing the appellee testified that she wanted to let Smith, the tenant, suggest the allocation of the rent, because he was familiar with the crops grown on the various tracts. Smith, however, was not called as a witness, nor was any attempt made to show what his allocation would have been. It is obviously possible

that he might have awarded the appellee a smaller amount than she would receive under the executor's proposal, in which case the appellee has. not been prejudiced. At the hearing both sides had an opportunity to develop their contentions as they saw fit. Upon the proof adduced, we cannot say that the trial court's announced approval of the executor's method of distribution is against the weight of the evidence.

At the trial there were also two minor controversies about the payment of taxes on the farm lands and about the collection of a small insurance claim arising from windstorm damage to the improvements on the tract devised to the appellee. Both those matters appear to have been resolved to the satisfaction of the litigants and need not be discussed.

The trial court's dismissal of the executor's petition for want of jurisdiction is· reversed, and the cause is remanded for further proceedings consistent with this opinion.