KAREN R. BAKER, Justice, dissenting. Inexplicably, the majority in this case holds that the legislature has divested the circuit court of jurisdiction to hear and decide an action, filed by the state, seeking to permanently remove from its owner property seized in connection to a felony prosecution. The majority contends that the legislature did so by the passage of Arkansas Code Annotated section 5-62-106 (Supp.2013). I cannot agree that the legislature had either the intent or the authority to strip the circuit court of jurisdiction conferred on it by the Arkansas Constitution. Thus, I dissent. 11«The majority holds that the circuit court was without subject-matter jurisdiction based on the language of Arkansas Code Annotated section 5 — 62—106(a)(4)(A), which states: After written notice is received by the owner or published under subdivision (a)(3) of this section, the owner within fifteen (15) business days may petition the district court having jurisdiction where the animal was seized to determine the custody of the animal. The majority holds that this statute creates subject-matter jurisdiction over the disposition of animals solely in the district courts. This is incorrect. Amendment 80 to the Arkansas Constitution states that circuit courts “are established as the trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution.” Amendment 80 also gives the General Assembly “the power to establish jurisdiction of all courts and venue of all actions therein, unless otherwise provided in this constitution.” While the General Assembly has the power to establish jurisdiction over the disposition of animals in the district court, it does not have the power to rescind that jurisdiction from the circuit court, as the constitution grants jurisdiction over all justiciable matters not outlined in the constitution to circuit courts. Therefore, while an owner or the prosecuting attorney may file an action in the district court, the owner or the prosecuting attorney is not barred from filing that action in the circuit court. The majority intertwines its conclusion that the circuit court lacked subject-matter jurisdiction with its observation that the parties should have appealed from the district court’s ruling in order to establish jurisdiction in the circuit court. While the parties’ pleadings in the criminal case assert that a petition was filed by Nance in district court, that the State objected | ^asserting that the circuit court was the proper venue of the proceedings, and that the district court ruled that the legislature lacked the authority to establish district-court jurisdiction, we do not in the record before us have the pleadings filed in the district court or the district court’s order. Given that we do not have that case before us and do not have these documents, the majority’s conclusion that the district court’s order should have been appealed to the circuit court is without a solid foundation and is based on speculation. Even were the majority’s holding not based on speculation, the majority errs. The majority cites Roberson v. State, 2010 Ark. 43B, 2010 WL 4524561, and Lineberry v. State, 322 Ark. 84, 907 S.W.2d 705 (1995), for the assertion that the circuit court had no jurisdiction when Nance did not appeal the decision of the district court to the circuit court. These cases are distinguishable, however, because in both the district court ruled on the merits of the case. Here, even if the majority’s speculation that the district court dismissed the case for lack of jurisdiction is true, there was no ruling on the merits. A finding that a court lacks subject-matter jurisdiction cannot be an adjudication on the merits. Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc., 2011 Ark. 501, 385 S.W.3d 797. Moreover, the circuit court assumed jurisdiction first when charges were filed in that court. Doss v. Taylor, 244 Ark. 252, 424 S.W.2d 541 (1968). Further, the majority’s holding divests the circuit court of subject-matter jurisdiction over items seized by law enforcement. Even if this was the result intended by the General Assembly in passing Arkansas Code Annotated section 5-62-106, the circuit court retains | ^jurisdiction over the disposition of seized property. Arkansas Code Annotated section 16-11-301 (Repl. 2010) states: All statutes concerning pleading, practice, and procedure in all courts shall be deemed superseded by rules adopted by the Supreme Court pursuant to Arkansas Constitution, Amendment 80, § 3, or pursuant to the Supreme Court’s constitutional, inherent, or statutory authority prior to the effective date of Arkansas Constitution, Amendment 80. Arkansas Rule of Criminal Procedure 15.2(a) (2013) grants the circuit court the jurisdiction to dispose of seized evidence in a criminal trial. It states: Within thirty (30) days after notice of seizure, or at such a later date as the court in its discretion may allow: (i) the individual from whose person, property, or premises things have been seized may move the court to whom the warrant was returned, or the court having jurisdiction over the offense in question, as the case may be, to return things seized to the person or premises from which they were seized. The circuit court clearly had jurisdiction over the offense in question. Our court rule supercedes the statute granting jurisdiction to the district court as it concerns “practice, pleading or procedure.” Accordingly, the circuit court, under our rules, had jurisdiction to hear a motion on the return of the dogs to the person or premises from which they were seized pursuant to the offense in question. In Hunter v. Runyan, 2011 Ark. 43, 382 S.W.3d 643, this court stated that an Arkansas circuit court obtains subject-matter jurisdiction when it is conferred under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. In this case, jurisdiction was conferred on the circuit court by both the Arkansas Constitution and our court rules. Therefore, the majority errs in holding that the circuit court does not have ^.jurisdiction to hear Nance’s petitions to determine custody of her dogs and the constitutional issues intertwined therein. Because the circuit court had jurisdiction, this court has jurisdiction to hear the appeal. Finally, after reading the majority’s decision, I am unable to decipher what is to be done with the dogs now in the possession of the Pulaski County Humane Society for years at a tremendous expense.[1] Because this court does not address the issue, and merely dismisses the appeal, the fate of these dogs is left in limbo. Nance cannot file a new action in the district court, as it has allegedly already found that it lacked jurisdiction over the matter. Further, Nance cannot simply pay the fine and regain possession of the dogs as set forth in the circuit court’s order, as the majority holds that the circuit court did not have jurisdiction. A court that acts without subject-matter jurisdiction or in excess of its jurisdiction produces a result that is void and cannot be enforced. Young v. Smith, 331 Ark. 525, 964 S.W.2d 784 (1998). Nance is therefore left without recourse. We should reach the merits and decide this case. HART, J., joins. . Nance was charged with three counts of aggravated cruelty to animals and ten misdemeanor counts of cruelty to animals. She was acquitted of all but five misdemeanor counts, relating only to five dogs who were brachycephalic dogs. However, the State seized approximately 140 dogs and is still in possession of them. Nance was charged with three counts of aggravated cruelty to animals and ten misdemeanor counts of cruelty to animals. She was acquitted of all but five misdemeanor counts, relating only to five dogs who were brachycephalic dogs. However, the State seized approximately 140 dogs and is still in possession of them.