BEAL-BURROW DRY GOODS COMPANY v. KESSINGER.

Opinion delivered February 4, 1918.

1. DOWER—RIGHT OF WIDOW TO ASSIGN.—A widow takes as dower an undivided one-third interest absolutely in the personal property of her deceased husband, and immediately upon the death of her husband her interest becomes subject to transmission by conveyance or inheritance, and she may assign her dower in her husband's personalty.

2. DOWER—ASSIGNMENT OF—CONSIDERATION.—One K. purchased goods from plaintiff, on credit, plaintiff retaining title. K. then died. Held, an agreement by plaintiff to release to K.'s widow its right to assert title, and a promise to take as a common creditor was a good consideration for an assignment by the widow of her dower interest in her husband's personal property to plaintiff.

3. DOWER—CONCURRENT EQUITY JURISDICTION.—Courts of equity have concurrent jurisdiction in cases of dower in legal estates.

Appeal from Cleburne Chancery Court; *George T. Humphries*, Chancellor; reversed.

*Wm. T. Hammock*, for appellant.

1.    It was error to sustain the demurrer.    The court had jurisdiction.    The widow's dower was assignable and enforceable by the assignee.    2 Lawson, Rights, Rem. & Pr., § 773; 12 Ind. 37; 74 Am. Dec. 200; Kirby's Digest, § 2708; 62 Ark. 61; 2 Scribner on Dower, 42, 47; § § 33, 38; 84 Ark. 558.

The appellee, *pro se.*

1.    The court was without jurisdiction.    Kirby's Digest, § 1340.

2.    Appellant's remedy at law was adequate.    Kirby's Digest, § 2708; 116 Ark. 400, 427; Bisph. Eq. (7 ed.), § 37; 27 Ark. 97; *Ib.* 157; 32 *Id.* 478; 109 *Id.* 171; 106 *Id.* 552.

3.    The complaint does not state. facts sufficient to constitute a cause of action.    There was no consideration for the contract.    6 R. C. L. 683; Bishop on Cont., § § 40, 77; 68 Ark. 276.

## STATEMENT OF FACTS.

This appeal involves the right of the Beal-Burrow Dry Goods Company to have set apart to it dower in the personal property of the estate of James S. Kessinger, deceased, which they allege has been assigned to them by his widow after his death.

The complaint of the Beal-Burrow Dry Goods Company sets up a state of facts substantially as follows: On the 30th day of April, 1916, James S. Kessinger died in Cleburne County, Arkansas. A few weeks before his death the Beal-Burrow Dry Goods Company sold and delivered to him a stock of merchandise of the value of $1,375. It was understood between the parties that the title and ownership of the stock of goods should not pass from the vendor until the purchase price was paid. At the time of the death of James S. Kessinger, no part of this sum had been paid and the title to the merchandise still vested in the Beal-Burrow Dry Goods Company. Alice Kessinger, the widow of said James S. Kessinger, became the administratrix of his estate, and as such took possession of said stock of merchandise. She entered into a written agreement with the Beal-Burrow Dry Goods Company whereby in consideration of its waiving its right to assert title to said goods and filing its claim as a common creditor of said estate, she assigned and transferred to said dry goods company all her right, title and claim of dower in the personal estate of said J. S. Kessinger, deceased, except one horse and buggy, one cow and calf, feed and household goods. The value of the personal estate left was $2,100 and the dower interest of the widow amounted to $700. The prayer of the complaint was that the administratrix be required to pay to the dry goods company her dower interest in the personal property in accordance with the agreement, which amounted to the sum of $700.

The defendant filed a demurrer to the complaint and for grounds states:

*First.* That the court had no jurisdiction of the subject of the action.

*Second.* That the plaintiff had a complete and adequate remedy at law.

*Third.* That the complaint did not state facts sufficient to constitute a cause of action.

The court sustained the demurrer to the complaint and the plaintiff declining to plead further, dismissed its complaint for want of equity. The plaintiff has appealed.

HART, J., (after stating the facts). (1) Under our statutes the widow is entitled, as part of her dower, absolutely in her own right, to one-third of the personal estate. Kirby's Digest; § 2708. The statute gives the widow an absolute estate in the personal property which vests immediately upon the death of the husband. She takes absolutely an undivided one-third interest in the personal property and immediately upon the death of her husband her interest becomes subject to transmission by conveyance or inheritance. She therefore had a right to assign her dower in the personalty to the plaintiff.

(2) There being no statute to the contrary, the plaintiff had a right to sell the stock of goods to J. S. Kessinger and retain the title in itself until the goods were paid for. *Jones* v. *Bank of Commerce*, 199 S. iW. 103, 131 Ark. 362. Kessinger had not paid any of the purchase price of the goods at the time of his death. The release by the plaintiffs of their right to assert title in the goods and their agreement to file their claim as a common creditor of the estate at the instance of the widow, formed a valuable consideration for the agreement whereby she assigned to it her dower interest in the personalty. See *Harrow* v. *Johnson*, 3 Metc. (Ky.) 578.

(3) It is now well settled that courts of equity have concurrent jurisdiction in cases of dower in legal estates. *Johnson* v. *Johnson*, 84 Ark. 307, and cases cited, and Pomeroy's Equity Jurisprudence, vol. 4, (3 ed.), § 1382. At first the jurisdiction of equity was ancillary to proceedings at law. The jurisdiction in equity developed until it could afford complete relief between the parties.

Among the advantages in equity named by the same author are that a partition of undivided interests could be decreed and an account could be taken, fraudulent conveyances could be set aside, and antagonistic claims to the subject-matter could be determined without multiplicity of suits. The jurisdiction of courts of equity to assign dower was acquired while the widow was only entitled to dower in the real estate of her deceased husband. Some, at least, of the same reasons would have existed for the exercise of the jurisdiction of courts of equity in the assignment of dower had the widow been entitled at common law to dower in the personal estate of her deceased husband. This is shown by analogy in the equitable jurisdiction for the partition of personal property. Although the inception of equitable jurisdiction for the partition of chattels is not traceable with certainty, the jurisdiction itself is unquestionable; and where a literal partition is not practicable, the chancery court will order a sale. Pomeroy's Equitable Juris., vol. 4, (3 ed.), § 1391. Courts of equity in the partition of personal property have assumed jurisdiction to determine as well the issue of title as any other issue pertinent to the case. *Ib.*, § 1392. The same reason would exist for the exercise of equitable jurisdiction in the assignment of dower in personal property as would exist in the partition of personal property.

It follows that the decree will be reversed and the cause will be remanded with directions to assign the dower interest of Alice J. Kessinger in the estate of James Kessinger to the plaintiff as requested in the complaint.