SHIELDS *v.* SHIELDS.

Opinion delivered February 2, 1931.

*Mark P. Olney,* for appellant.

*Minor Pipkin,* for appellee.

SMITH, J. M. M. Shields, who died on or about January 1, 1928, was survived by his widow, but no children, and by a brother and three sisters. The widow waived the right to administer on the estate, and letters were issued to C. R. Shields, the brother of the intestate. An inventory was made of the personal property, which

consisted principally of promissory notes payable to the order of the intestate, the total value of the personal property being about $20,000.

The administrator filed a first settlement of his administration on February 15, 1929, and a final settlement on the 17th of August of the same year. The estate was solvent, and owed only a few small debts, which had been paid.

The final settlement showed that under date of July, 1929, the administrator had assigned to the widow, as part of her dower, 29 notes of the value of $2,103.92, and that he had sold the widow certain bank stock owned by her husband, the intestate, for $2,651.33, and for which amount he had taken the widow's notes. These notes he charged to her as a part of her dower. The administrator's final settlement undertook to state the balance due the widow as dower after the sums paid her on that account had been credited to him and charged to her. Both these settlements were duly approved by the probate court.

Thereafter, on March 10, 1930, the widow filed a complaint in the chancery court, to which the administrator and heirs were made parties, in which she prayed that dower be assigned her in the personal estate of her deceased husband. She had previously filed a complaint in the chancery court for the assignment of her dower in the real estate, and dower therein had been assigned.

There was no allegation of fraud in the administrator's settlements, and the court made no finding that there had been any fraud on the part of the administrator, but the court did find that, owing to the conversion of much of the personal property into cash, dower could not be assigned in kind, and the court proceeded to assign the dower in the personal property and money, and from that decree is this appeal.

We think, under the facts of this case, that the chancery court should not have attempted to assign the dower in the personal property.

The chancery court had already assigned the dower in the real estate, without being asked to assign dower in the personalty. The administrator had, under the directions of the probate court, begun somewhat informally to assign the dower in the personalty.

The statute (§ 3547, C. & M. Digest), provides that, if dower be not assigned to the widow within one year after the death of her husband, or within three months after demand made therefor, she may file a petition in the probate court praying the allotment of dower, and the probate court is given the jurisdiction to assign it.

We held in the case of *Johnson* v. *Johnson*, 84 Ark. 307, 105 S. W. 869, that this statutory remedy did not oust the jurisdiction of equity to assign dower, and we held in the case of *Beal-Burrow Dry Goods Co.* v. *Kessinger*, 132 Ark. 132, 200 S. W. 1002, that the chancery courts have concurrent jurisdiction to assign dower in personalty. The jurisdiction of the probate and the chancery courts in the assignment of dower in both real estate and personalty is therefore concurrent, and the case before us is one where the jurisdiction of the chancery court was invoked to assign dower in the real estate, but not in the personal estate, whereas the administrator had made a partial assignment of dower, which action he had reported to the probate court. The money given and paid the widow by the administrator constituted a partial assignment of dower, and the probate court approved the report thereof. This was an assumption of jurisdiction by the probate court to assign dower in the personalty, and after jurisdiction had been assumed by the probate court for this purpose the chancery court should not have interfered, as the jurisdiction of the two courts was concurrent, and the jurisdiction of the probate court had first been invoked in regard to the personalty. *Phillips* v. *Phillips*, 143 Ark. 240, 220 S. W. 52; *State* v. *Devers*, 34 Ark. 188.

The decree of the chancery court will therefore be reversed, and the cause remanded with directions to dis-

miss the complaint, and remit the parties to their remedies in the probate court.