Donald E. BRADHAM, Administrator with Will Annexed of the Estate of E. G. Bradham, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1168.

United States District Court
W. D. Arkansas,
El Dorado Division.

July 18, 1968.

Mitchell Rogovin, Asst. Atty. Gen. Washington, D. C., by Myron C. Baum and John O. Jones, Washington, D. C., Charles M. Conway, U. S. Atty., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

Plaintiff Donald E. Bradham as Administrator of the Estate of E. G. Bradham, Deceased, brings this action to recover federal estate taxes in the sum of $71,441.02 alleged to have been erroneously assessed and collected by the United States. In filing a federal estate tax return on behalf of the estate the plaintiff claimed a marital deduction, which was disallowed by the Commissioner of Internal Revenues. The sum involved herein was assessed against the estate and paid by the plaintiff.

The facts in the case are not in dispute and are stipulated. A brief statement is sufficient for the purpose of determining the issues in this proceeding.

E. G. Bradham, a resident of Union County, Arkansas, died testate on February 13, 1962. His will dated November 12, 1953, was admitted to probate in the Probate Court of Union County, Arkansas. Decedent was married to the surviving widow, Rubye R. Bradham, November 6, 1961, which was eight years subsequent to the execution of his will. He is survived by four children of a prior marriage named in the will as his sole devisees.

The surviving widow, Rubye R. Bradham, filed formal election in the probate proceeding to renounce and take against the will as provided by the statutes of Arkansas. In February, 1963, the surviving widow petitioned the Chancery Court of Union County, Arkansas, to adjudicate that the real property owned by decedent at the time of his death was not susceptible to division in kind; that her dower interest therein could not be allotted without great prejudice; that such real property be ordered sold free of her dower interest therein; and the then present money value of her

A. G. Sanderson, Jr., Texarkana, Ark., Smilie Watkins, Texarkana, Tex., for plaintiff.

dower interest be determined by the court and paid to her in cash out of the proceeds of said sale in lieu of her dower interest in said property. She also requested the court to adjudicate her rights in various other properties of decedent.

The surviving children filed an answer in the proceedings and the issues were tried to the Chancery Court on February 22, 1963. Upon trial on the merits, and after the court had considered the pleadings, evidence and arguments of counsel, the court found that the lands of decedent in Arkansas were not capable of division in kind and that the widow's dower interest therein could not be allotted in kind without great prejudice to the widow and the four children of decedent. It ordered the lands to be sold in accordance with Arkansas Statutes, Annotated (1947), Sec. 62–717, and that the present money value of the widow's dower interest therein be computed in accordance with the statutory tables set out in Arkansas Statutes, Annotated (1947), Sec. 50–704. There were other findings of the court relative to personal property and oil and gas interests owned by decedent in which the widow claimed a dower interest.

Instead of the land being sold and the widow being allotted her commuted dower interest out of the proceeds, subsequent to such findings of the court, the widow stipulated with the four children of the decedent that the Arkansas lands in which the widow had a dower interest had a value of $698,-492.87. Upon stipulation being filed with the court a decree was entered by the court awarding the widow $161,-631.28 in lieu of her statutory dower in said lands, which sum was paid to the widow in open court.

The decedent at the time of his death owned substantial lands subject to the Chancery Court proceeding consisting of numerous tracts in the Counties of Little River, Miller, Union and Columbia in the State of Arkansas. These tracts of land were separate and widely scattered parcels, subject to diverse uses, and were of diverse kinds and of different qualities. The decedent did not own all of the oil, gas and other minerals under all of the tracts. The ownership of the oil, gas and other minerals under said tracts of land were not uniform. Because these lands were subject to such diverse uses and so scattered the mineral ownerships thereunder were not uniform, the tracts of land were not divisible or susceptible to division in kind and the widow's dower interest therein could not be allotted in kind without great prejudice to the children of decedent and the widow.

The plaintiff filed a United States Estate Tax Return which reflected the federal estate taxes to be $715,008.89. The plaintiff claimed the sum of $161,-631.28 received by the decedent's widow as a marital deduction, deductible from the value of decedent's gross estate as the value of an interest in property which passed from decedent to his spouse, allowable as such a deduction under the provisions of the Internal Revenue Code, especially Section 2056 thereof, and under the applicable regulations promulgated thereunder.

The District Director of Internal Revenue in auditing the plaintiff's estate tax return assessed a deficiency in estate taxes against plaintiff in the aggregate of $326,959.88, which plaintiff paid with interest on February 8, 1967. On June 15, 1967, the plaintiff filed a claim for refund for $71,441.02 and interest with the District Director of Internal Revenue in Little Rock, Arkansas. On September 12, 1967, the District Director disallowed the claim in full.

Exhibits 1 to 8, inclusive, are filed as a part of the stipulation of facts. These include the Last Will and Statement of E. G. Bradham, Deceased, Widow's Notice of Election to Take Against the Will, Complaint filed in the Chancery Court of Union County, Arkansas, with Inventory of the Estate of Decedent, Answer thereto, Decree of the Court, Stipulation as to Market Value of the Lands, Final Decree of the Court, and Claim

Filed with the District Director of Internal Revenue.

 Since all issues of fact raised by the pleadings in this case are settled by stipulation, the only issue to be decided by the court is a question of law, as to whether the commuted value of the widow's dower in decedent's Arkansas lands awarded her by the Chancery Court of Union County, Arkansas, in the amount of $161,631.28 in lieu of her dower interest, qualify for the marital deduction under the provisions of 26 U.S.C. § 2056.

For determination of this question the court looks to the Arkansas Statutes as applicable to Sec. 2056 [1] of the Internal Revenue Code of 1954, which provides an allowance of marital deduction on federal estate taxes imposed by 26 U.S.C. § 2001.

The Arkansas Statutes, Annotated (1947) applicable to this issue provides—

Sec. 61–201. Dower in lands.—A widow shall be endowed of the third part of all the lands whereof her husband was seized, of an estate of inheritance, at any time during the marriage, unless the same shall have been relinquished in legal form.

Sec. 60–501. When surviving spouse may elect to take against the will.— When a married man dies testate as to any part of his estate, or when a married woman dies leaving as her last will one executed prior to her marriage, the surviving spouse shall have the right to elect to take against the will and to take such part of the property as he or she would have taken had the deceased spouse died intestate.

Sec. 62–701. Heir at law to assign dower.—It shall be the duty of the heir at law of any estate of which the widow is entitled to dower, to lay off and assign such dower as soon as practicable after the death of the husband of such widow.

Sec. 62–704. Widow's petition for allotment of dower—Contents—Notice. —If dower be not assigned to the widow within one [1] year after the death of her husband, or within three [3] months after demand made therefor, she may file in the court of probate, or in the clerk's office thereof, in vacation, a written petition, in which a description of the lands in which she claims dower, the names of those having interest therein and the amount of such interest shall be briefly stated in ordinary language, with a prayer for the allotment of dower; and thereupon all persons interested in the property shall be summoned to appear and answer the petition on the first day of the next term of the court.

Sec. 62–717. Sale of property— Dower paid from proceeds.—In proceedings had in circuit [probate] court, for the allotment of dower, when it shall appear to the court that dower can not be alloted out of the real estate without great prejudice to the widow or heirs, and that it will be most to the interest of such parties that said real estate may be sold, the court may decree a sale of the real estate free from such dower, and that such portion of the proceeds may be paid to the widow in lieu thereof, or her interest therein otherwise secured as to the court may seem equitable and just.

[1] "(a) Allowance of marital deduction.— For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(b) Limitation in the case of life estate or other terminable interest.—

"(1) General rule.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—"

Sec. 50–701. Purpose of act.—The purpose of this act [§§ 50–701—50–706] is to establish a simple and accurate method for computing the present value of both vested life and remainder interests in property through the use of actuarial tables. Nothing contained in this act is intended (1) to provide when a court shall order a life interest commuted and so payable in gross, or (2) to change the existing jurisdiction of the courts under which such a decree requiring commutation may issue.

No question is raised with reference to applicable procedures as provided by the statutes or the finding and decisions of the Chancery Court of Union County, Arkansas.

Chancery Courts in Arkansas have concurrent jurisdiction with Probate Courts for the assignment and allotment of dower. Art. 7, Sec. 15 Constitution of the State of Arkansas; Amendment No. 24 to the Constitution, Ark.; Marsh v. Marsh, 230 Ark. 59, 320 S.W.2d 754.

It is the contention of the plaintiff that upon the death of E. G. Bradham the surviving spouse, Rubye R. Bradham, became vested with a consummate but unassigned dower right, which was not an interest in any of the lands but was in the nature of a chose in action entitling the widow to have lands encumbered by her dower interest allotted to her as dower unless it "shall appear to the court" that to do so would greatly prejudice the rights of the parties. In that event, her consummate dower chose in action was to have the lands encumbered by her consummate dower interest sold and her dower commuted to its present value and to receive such commuted value from the proceeds of the sale. It is further contended that since it is determined that her dower could not be allotted in kind without injury and great prejudice to the parties, the widow's consummate dower interest could never become a life estate in land which would result from an allotment or an assignment but

was solely a right to have her consummate dower commuted to its present value and that value paid her absolute from the proceeds of the sale of the lands. Such payment was made to the widow in the amount of $161,631.28 in lieu of having an allotment of dower in kind, which the Chancery Court of Union County decided could not be made without prejudicing the rights of the four children and the spouse as parties to this action. The plaintiff insists that such sum received by the widow is not a terminable interest, it is absolute; and passed to the widow from the decedent within the meaning of the marital deduction provision of the Internal Revenue Code relating to federal estates taxes.

It is the position of the government that (1) the disallowance of the claim of plaintiff by the Internal Revenue Service was proper since marital deduction for estate tax purposes is not allowable with respect to an interest in property passing from the decedent to the widow if the interest is terminable and (2) because the sum of $161,631.28 received by the widow represents the proceeds of the sale or conversion of her dower interest. The government contends that the right of the widow to commuted dower was contingent upon her survival for a period of time after decedent's death, because under Arkansas law the widow's right to dower interest fails if the widow dies before making her election to take against her husband's will.

The government relies in part on Sec. 60–505 Arkansas Statutes, Annotated (1947), which provides that the right of a surviving spouse to elect to take against the will is personal. It is not transferable and therefore does not survive the surviving spouse. Should she die before making an election it would not give her estate the right subsequently to do so, as the right of election would have ended with her death. Such contingency according to the government makes the widow's interest terminable within Sec. 2056(b) (1) of the 1954 Code.

Although it is argued by the government in its second contention that the

sum paid to the widow represented the proceeds of the sale or conversion of her dower, a terminable interest (citing S.Rep. No. 1013, Part 2, 80th Cong., 2nd Sess., p. 11 and the example), it is admitted by counsel that this question has previously been considered and uniformly rejected by the courts. (Citing cases by the Fourth, Fifth, Sixth and Eighth Circuits and several District Court decisions.) It is, therefore, unnecessary to give further consideration to this contention.

This narrows the question as to whether the widow's interest as represented by the payment of $161,631.28 in lieu of her statutory dower as commuted from findings of the Chancery Court of Union County, Arkansas, under Sec. 62–717 Arkansas Statutes, Annotated (1947), was terminable because her right to it was contingent upon her survival for a period of time after decedent's death.

This issue plagued the Congress for many years as a result of the application of the federal tax laws in states which had adopted community property rights of the surviving spouse in contrast to the application of the federal tax laws to states which continued the principle of common law rights. The citizens of the community property states had gradually obtained a very great advantage over the citizens of the other states in the application of the estate tax laws. The discrimination resulted because in a community property state each spouse owns in their own right one-half of the property between them, whereas in a common law state each owns their property in fee simple. In other words, at the death of a spouse in a community property state one-half of the gross value of the property would be subject to federal estate taxes, and in a common law state the total gross value of the property would be taxable.

In theory under community property principle there is a postponement of one-half of the taxable interest as the surviving spouse is to be taxed on the other half at his or her death. However, the net effect of splitting the estate into two parts subjected it to lower average rates avoiding the higher brackets which would have been applicable had it been assessed as one estate instead of two. First National Exchange Bank of Roanoke v. United States, D.C., 217 F.Supp. 604, 607 (1963).

In an effort to resolve the dilemma and equalize this estate tax problem the Congress in 1948 provided the amendment referred to as "martial deduction". However, the Congress was careful not to provide an advantage to the common law states. It therefore included a proviso that in order to take advantage of a marital deduction the estate must be left in such a way that it would be taxable on the death of the spouse. If the interest was terminable, marital deduction would not be allowed. If the spouse's interest passed to her subject to her estate, it was not terminable and therefore allowable. Sec. 2056(b) (1) Internal Revenue Code of 1954.

In Jackson v. United States, 376 U.S. 503, at page 510, 84 S.Ct. 869, at page 873, 11 L.Ed.2d 871, the Supreme Court stated: "We are mindful that the general goal of the marital deduction provisions was to achieve uniformity of federal estate tax impact between those States with community property laws and those without them. [United States v. Stapf, 375 U.S. 118, 84 S.Ct. 248, 11 L.Ed.2d 195.] But the device of the marital deduction which Congress chose to achieve uniformity was knowingly hedged with limitations, including the terminable-interest rule."

The provisions of the Internal Revenue Code applicable to the facts of this case should be liberally construed and applied to the purposes of their enactment. Dougherty v. United States, 292 F.2d 331 (1961). The court went on to say in a similar factual case as we have here, at page 337: "The purpose of the provision was to extend to married taxpayers in common law states the advantages of residents of community property jurisdictions by permitting a surviving spouse to acquire, free from estate tax exaction, one-half of what is referred to as the ad-

justed gross estate of the deceased spouse. Generally speaking, the 'terminable interest' concept was devised for the purpose of assuring that if the property bequeathed to the spouse was to be excluded from the gross estate of the decedent, it would be adequately integrated in the spouse's estate so that on her death, it would not escape the death tax a second time. 'The basic principle * * * is that the spouse first to die shall be permitted to pass on to the surviving spouse free of estate tax up to one-half of his or her estate, provided only that the terms of the transfer are such that this property will be taxable in the estate of the surviving spouse.' Estate of Pipe v. Commissioner, 23 T.C. 99, 104.''

In the instant case if the widow's interest was terminable with the remainder of the estate to the children of the decedent, the deduction should not be allowed. If the commuted dower of the widow consisting of cash was vested in her and becomes a part of her estate when she dies and taxable as such, it is not terminable and should be allowed. S.Rep.No. 1013, Part 2, 80th Cong., 2nd Sess., p. 10; First National Exchange Bank of Roanoke v. United States, 335 F.2d 91, 92 (1964); Hamilton National Bank of Knoxville v. United States, 353 F.2d 930, 932 (1965).

█ It is well established that qualification for marital deduction is determined as of the time of the husband's death. Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964); First National Exchange Bank of Roanoke v. United States, supra.

The statutes of Arkansas pertaining to dower and its commutation do not differ materially from the statutes of the several states considered by the courts. The identical question here has been considered in the Fourth, Fifth, Sixth and Eighth Circuits. The First National Exchange Bank of Roanoke v. United States, supra (4 Cir., 1964); United States v. Hiles, 318 F.2d 56 (5 Cir., 1963); Dougherty v. United States, supra (6 Cir., 1961); United States v.

Crosby, 257 F.2d 515 (5 Cir., 1958); United States v. Trader's National Bank of Kansas City, Executor, 248 F.2d 667 (8 Cir., 1957). Each of these cases held that the cash received pursuant to the statutory law of the state providing for the commuted value of the widow's interest was not a terminable interest and that it qualified for the marital deduction. In the latest decision on this issue, Hamilton National Bank of Knoxville v. United States, 353 F.2d 930 (6 Cir., 1965), Circuit Judge Celebreeze, for the court, at p. 932, stated: "It has been uniformly held the compensation qualifies for the marital deduction, and invoking the necessary legal procedures to enforce the right is not a condition or contingency precedent to its existence. (Citing cases already cited herein.)

With this uniform result reached in these cases I agree. No case on this question of commutation of the dower interest under state statutes has been found which supports the government's position.

██ It is well settled that the widow's dower is merely a right to sue for and compel the setting aside to her of her dower interest until it has been assigned. It is not an estate in itself. 6 Michie's Jurisprudence p. 370; 1 Minor on Real Property (2 Ed. Ribble) 405. When assigned it becomes a life estate in the lands assigned. But prior to that time it has attached to nothing, although it is a right vested in the widow. The First National Exchange Bank of Roanoke v. United States, 217 F.Supp. 604 (1963); affirmed 335 F.2d 91 (C.A. 4th, 1964) (Virginia).

As in the Virginia case it would appear logically as uniformly held in these cases that when dower is never assigned, as in the instant case, but is commuted instead, nothing accrues; nothing has been vested except the right of interest in the property. The right to dower is distinguishable by the payment of the equivalent in cash. The widow never had any right to have her dower assigned to her in land since it was not susceptible of assignment in kind as found by the

Chancery Court. It could not become a life estate in realty and a terminable interest until it was laid off and assigned in kind.

"Thus, at the time of the decedent's death the widow did not have an estate or interest for life in one-third of the decedent's realty, nor could she ever acquire such an interest for the reason that it was impossible to assign her dower in kind. In the final analysis, it appears that at the time of the decedent's death the widow had a right to the commuted value of her dower. The commutation of her dower was not a conversion or sale of her life interest. Her commuted dower was paid to her in cash. Her right to it is absolute and non-terminable. It qualifies as a marital deduction." First National Exchange Bank of Roanoke v. United States, supra.

I am not persuaded with the argument of the government that the decision in Jackson v. United States, supra, requires a different conclusion. The Fourth Circuit subsequently considered the effect of the Jackson case and stated that it "does not require a different conclusion". First National Exchange Bank of Roanoke v. United States, supra. It distinguished that case from Jackson wherein the court held that a widow's allowance under California law was a terminable interest in the estate and did not qualify for the marital deduction.

It is noted that the line of decisions relied on heavily by the government as held in the Jackson case are distinguishable in that they apply to widow's allowance under state statutes during a period of time in the administration of the estate. The courts have uniformly held that the allowance did not and could not vest in the widow as of the date of the decedent's death, but is dependent upon contingency of survival during the entire period.[2] "To hold that an interest is terminable only because legal procedures are invoked to enforce an interest which is otherwise vested at the date of the husband's death, is to hold that all elective rights, such as the widow's allowance and the statutory interest in lieu of dower, are disqualified as marital deductions." Hamilton National Bank of Knoxville v. United States, supra. However, in footnote 2 the court pointed out that some states hold the right to dissent is personal to the surviving spouse and does not survive the death of the surviving spouse. Nevertheless, all the above cited cases hold the statutory interest in lieu of dower qualifies for the marital deduction.

As pointed out by the government Arkansas has a statute to this effect.[3] The contention of the government that this places a limitation on the right of the surviving spouse to elect to take against the will making it contingent upon her survival for this purpose is contrary to the holding of the courts and without merit. If and when she makes the election under state statutes, it becomes effective as the date of the decedent's death and her right to it is absolute. She had a right under the statutes of Arkansas to do nothing and since she was not mentioned in the decedent's will

2. In Hamilton National Bank of Knoxville v. United States, supra, in footnote 1, the court noted:
"There still remains an uncertainty as to how broadly the terminable interest provision will be defined. It has been suggested that the adoption of the date of death approach will eliminate almost all deductions for widow's allowances. Landers v. Commissioner of Internal Revenue, 38 T.C. 828 (1962); Mertens, The Law of Federal Gift and Estate Taxation, 1964 Cumulative Supplement, Section 29.27; 22 New York University Institute on Federal Taxation 1146 (1964) ;

63 Michigan Law Review 924 (1964–1965)."

3. Arkansas Statutes, Annotated (1947) (1967 Cumulative Pocket Supplement) Sec. 60–505. Right of election personal to surviving spouse.—The right of election of the surviving spouse is personal. It is not transferable and does not survive the surviving spouse. The guardian of the estate of an incompetent surviving spouse may, when authorized by the court having jurisdiction over the estate of the ward, elect to take against the will in the ward's behalf.

would have received nothing. She had a right to affirmatively accept the will with the same result. She had a right to renounce the will and elect to take against it for a dower interest and thus a life estate. Finally, she had a right under the facts and circumstances to have an adjudication of her interest and for payment in such sums under the law of Arkansas as the Chancery Court found to be proper and most to the interest of the parties. She chose this course of action which became effective as a right at the moment of the decedent's death. Jackson v. United States, supra; First National Exchange Bank of Roanoke v. United States, supra; Hamilton National Bank of Knoxville v. United States, supra.

The claim should be allowed. Pursuant to the stipulation commutation of the amount to be refunded is to be agreed upon by the parties.

An order will be entered in accordance with this opinion.