Carolyn MAULDIN, Administratrix of the Estate of Osco Evans, Deceased, Plaintiff,

v.

UNITED STATES, Defendant.

No. LR–77–C–101.

United States District Court, E. D. Arkansas, W. D.

April 10, 1979.

Phil Stratton, Conway, Ark., for plaintiff.

Shawna Brown, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## OPINION

ARNOLD, District Judge.

This is an estate-tax case. The facts are not in dispute. Osco Evans died intestate, leaving a widow and two daughters. Under the statutes of Arkansas, the widow was entitled to dower and homestead in real estate left by the decedent. Under Ark. Stats. § 62–701, it was the duty of the daughters, as heirs at law, to "lay off and assign such dower as soon as practicable . . . ." Failing such an assignment, the widow had a right to go to court (either Chancery or Probate) to have dower allotted. The court has power to divide the lands in some suitable fashion, to order them rented out, with the rents shared with the widow, or to order them sold. In the event of sale the court may direct that "such portion of the proceeds . . . be paid to the widow in lieu" of dower, "as to the court may seem equitable and just." Ark.Stats. § 62–717. Here, resort to the courts was unnecessary. The widow and daughters agreed, by reference to actuarial tables adopted by statute, Ark.Stats. §§ 50–701 to 06, that the present cash value of the widow's commuted life interest was $17,-991.36. This amount was paid to the widow in cash out of the estate. It was not necessary to sell any of the realty. On payment to the widow of her commuted dower and homestead, the heirs at law became unconditionally entitled to the fee in their father's lands.

■ The question presented is whether this $17,991.36 qualifies for the marital deduction under Section 2056 of the Internal Revenue Code, 26 U.S.C. § 2056. If the widow had gone to court and gotten a decree allotting dower or cash in lieu thereof, the interest passing to her would be deductible. *Bradham v. United States*, 287 F.Supp. 10 (W.D.Ark.1968). The case at bar is not different in any relevant respect. The United States argues that the widow's interest did not "pass" to her within the meaning of Section 2056(a), but this Court disagrees. Under Section 2056(e)(3)[1] an interest is considered as passing from the decedent if such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of the surviving spouse. Here the payment to the widow was in lieu of dower. She was entitled by statute either to a division of lands, or to one-third of the rents for life, or to a commuted cash payment based on her life expectancy. She got the cash. If the children had resisted her claim, she could have enforced it in some form in court. The court could have ordered the lands sold, and cash payment made out of the proceeds, if dower could not have been allotted out of the lands themselves "without great prejudice to the widow or heirs . . . ." That all the parties were agreeable, making litigation unnecessary, cannot affect whether the interest "passed" from the decedent. It was a statutory interest, whether or not resort to statutory procedures was necessary to enforce it.

■ The United States also claims that the widow's interest, even if it passed to her from the decedent, was terminable and therefore nondeductible under Section 2056(b). *Bradham* is dispositive of this argument. If commuted dower fixed by decree is nonterminable, so is commuted dower fixed by agreement. *Cf. United States v. Traders Nat'l Bank*, 248 F.2d 667 (8th Cir. 1957). The Court sees no danger of fraud or imposition. Under the position espoused by the United States, there just wouldn't be any commutations without litigation. Widows and heirs would always go to court, perhaps consenting to a decree, in order to get the marital deduction. No policy of the taxing statute compels or sanctions such a result.

■ Defendant also cites Treas.Reg. § 20.2056(b)–1(e)(3). Under this regulation, if the decedent leaves property to his wife for life, remainder to the children, the wife's interest is nondeductible, even if she

---

1. The subsection reference given is as of the time of the relevant events. Section 2056(e) was redesignated Section 2056(d) by Section 2009(b)(4)(D) of the Tax Reform Act of 1976, P.L. 94 455, 90 Stat. 1520.

sells it to the remaindermen for cash or other property. That is not this case. This decedent died intestate. The interest passing to his spouse was created by operation of law. At the moment of death the interest was subject to commutation either by suit or by agreement. There was no subsequent conversion of the property. Dower under Arkansas law includes, by definition, the possibility of commutation to a sum certain.

The motion of the United States for summary judgment is denied. Plaintiff is entitled to judgment. The parties are directed to compute the proper amount and report it to the Court by April 20, 1979.